**Motion to Retain Appeal Denied, Motion to Consolidate Denied; Motion for Extension of Time to File Brief Denied, Appeal Dismissed, and Memorandum Opinion filed April 6, 2023.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00051-CV

---

### BRAZORIA CIVIC CLUB, Appellant

### V.

### CITY OF BRAZORIA, BRAZORIA COUNTY, BRAZORIA COUNTY EMERGENCY SERVICES DISTRICT #2, BRAZORIA COUNTY EMERGENCY SERVICES DISTRICT #6. COLUMBIA-BRAZORIA ISD, PORT FREEPORT, SPECIAL ROAD AND BRIDGE DISTRICT, WEST BRAZOS DRAINAGE DISTRICT #11, BRAZORIA COUNTY APPRAISAL DISTRICT, EMIN DUSKIC, AND MINH NGUYEN, Appellees

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 117254-CV**

---

### MEMORANDUM OPINION

This is an appeal from an order the trial court signed December 22, 2022. Whether the order is an appealable final judgment determines whether this court

can properly exercise appellate jurisdiction regarding the order.

Appellant's pleadings in the trial court proceeding essentially ask for relief on three claims: (1) a request for a grant of a tax exemption that was allegedly wrongfully denied by the Brazoria County Appraisal District ("BCAD"); (2) a request to grant a bill of review in association with a tax judgment obtained in another case by all of appellee governmental entities (except for BCAD, which was not a party to the earlier proceeding); and (3) a request for injunctive relief regarding the two individual appellees, Emin Duskic and Minh Nguyen, who allegedly wrongfully possessed property that is the subject of both the appealed-from trial court proceeding and the earlier one. BCAD was dismissed from the suit in an order signed June 28, 2022.[1]

The order appealed from in this case announces the trial court considered appellant's "Amended Motion to Strike Taxing Authorities Motion to Vacate Judgment and/or Order and in the Alternative Grant Brazoria Civic Club's Bill of Review and Motion for Sanctions," as well as responses to the motion and all pleadings on file. The order further states that the trial court (1) "denies the motion"; (2) denied appellant's request for the trial court to strike a "Vacate Order"; (3) denied appellant's "request for the [trial c]ourt to grant the bill of review" filed in the instant trial court proceeding; and (4) denied appellant's request for sanctions against the governmental authorities that obtained the earlier tax judgment.

It is not entirely clear whether the trial court's order was a final resolution of appellant's request for a bill of review regarding the trial court proceeding, or was

---

[1] That dismissal is the subject of a related appeal, No. 14-22-00557-CV, styled *Brazoria Civic Club v. Brazoria County Appraisal District*, which remains pending and is not affected by this memorandum opinion.

2

instead an interlocutory denial of the request made by appellant's motion that left final resolution of the issue for a later day. But even assuming the trial court actually finally resolved appellant's request for a bill of review in its December 22nd order, we do not see any indication in the order that the trial court resolved appellant's request for injunctive relief against Emin Duskic and Minh Nguyen. Those claims are not even alluded to in the December 22nd order, and the order itself does not contain any sort of language, like "[t]his judgment finally disposes of all parties and all claims and is appealable," that would provide a clearer indication that the trial court intended that order to serve as a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

As the order does not dispose of the requests for injunctive relief against Emin Duskic and Minh Nguyen, and the record does not indicate those claims have otherwise been finally resolved,[2] we conclude the order is not a final judgment that would allow for this court to exercise appellate jurisdiction. *See id.* at 195 ("[T]he general rule . . . is that an appeal may be taken only from a final judgment."). Moreover, no other basis is apparent for this court to exercise jurisdiction over this interlocutory order.

On March 14, 2023, notification was transmitted to the parties that the appeal was subject to dismissal for want of jurisdiction without further notice unless any party demonstrated this court had jurisdiction on or before March 24, 2023. *See* Tex. R. App. P. 4.1(a), 42.3(a). Appellant's response fails to demonstrate this court can exercise jurisdiction over this appeal.

---

[2] The record reflects that the trial court awarded temporary injunctive relief against the two individuals as recently as May 6, 2022, and the terms of the award state it shall last "until resolution of the instant case," or alternatively "until further order of the [trial c]ourt." That award clearly indicates it was not intended as a final award of injunctive relief.

Accordingly, the appeal is ordered dismissed.  All pending motions are denied.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.